## William W. Fuller, Administrator, *versus* Alexander Wright *et al.*

A mortgager of real estate whose equity of redemption had been attached by a cred-
itor, in consideration of the sum of $1200, conveyed the land to the defendants,
without his wife releasing her right of dower, and the defendants, at the same time,
signed an agreement, by which, after reciting that the land had been so conveyed
and mortgaged, and was subject to other claims and incumbrances, they promised
the mortgager to pay him the sum of $1200, "after he has cleared and freed said
premises from all *claims* and *incumbrances*, or the balance, if any there shall be,
after having satisfied said claims and removed said ·incumbrances, ourselves." It
was *held*, that the inchoate right to dower of the wife, was not a *claim* or *incum-
brance* contemplated by such agreement.

In an action against two, by the administrator of an insolvent estate, upon a joint
debt, the defendants are not entitled to set off their several claims, allowed by the
commissioners of insolvency, against the insolvent estate.

Assumpsit on the following contract, which was signed by
the defendants : " Whereas Richard Messiter [the plaintiff's
intestate] has, by his deed dated September 6th, 1831, con-
veyed to us a certain lot of land, with the buildings thereon,
situate in said Lowell, which said land has been mortgaged to
sundry persons, and is subject to other claims and incum-
brances, in consideration of which conveyance we hereby
promise the said Messiter to pay to him the sum of twelve hun-
dred dollars, after he has cleared and freed said premises from
all claims and incumbrances, or the balance, if any there shall
be, after having satisfied said claims and removed said incum-
brances, ourselves. Lowell, September 6th, 1831." This
agreement was signed by the defendants.

On a case stated, it appeared, that the consideration to be
paid by the defendants for the land clear of incumbrances, was
the sum of $1200, as recited in the deed ; but no part thereof
was paid to Messiter at the time of the conveyance. The
land, when conveyed, was incumbered with a mortgage made
by Messiter to Jonathan C. Morrill, on September 21st, 1830,
to secure the payment of $300 with interest, and also with a
mortgage made to William Whitney, on October 5th, 1830, to
secure the payment of $300 with interest. The mortgage to
Morrill was made at the time of the conveyance of the prem-
ises to Messiter by Morrill. Nothing had been paid by Messi-

ter on either of these mortgages ; and the defendants, in No
vember, 1831, paid the amount due, and took an assignment
of the mortgages.

At the time of the conveyance by Messiter to the defendants,
his equity of redemption in the premises had been attached at
the suit of Mansur & Reed ; and afterwards, on November
17th, 1831, the same was sold by public auction to the defend-
ants for the sum of $ 50, under an execution issued upon the
judgment recovered by Mansur & Reed in such suit.

The wife of Messiter released her right of dower in the
mortgage to Whitney, but not in the mortgage to Morrill, nor
in the conveyance to the defendants ; and, upon the death of
Messiter, on November 15th, 1831, she, having a right of
dower in the equity of redemption, filed her bill in equity to
redeem, for the purpose of obtaining her dower.

There were no other claims or incumbrances on the prem-
ises except those above mentioned, at the time of the convey-
ance by Messiter to the defendants.

At the time of his decease, Messiter was indebted to each
of the defendants, severally ; and his estate having been repre-
sented to be insolvent, the commissioners of insolvency allowed
the sum of $ 304·86 to Wright, and the sum of $ 97·34 to
Southwick, the other defendant.

If the Court should be of opinion, that the action was main-
tainable upon these facts, the defendants were to be defaulted,
and judgment to be rendered for the plaintiff, for such sum as
the Court should determine upon ; otherwise the plaintiff was
to become nonsuit.

*W. W. Fuller*, *pro se*, to the point, that the inchoate right
to dower in the equity of redemption, was not a claim or in-
cumbrance within the meaning of the contract in question, cited
*Ellis* v. *Weld*, 6 Mass. R. 250 ; *Powell* v. *Monson and Brim-
field Manuf. Co.*, 3 Mason, 347 ; and that the several claims
of the defendants, not having been filed according to the statute,
could not be set off against the joint debt due to the estate,
*Grew* v. *Burditt*, 9 Pick. 271 ; *Sargent* v. *Southgate*, 5 Pick.
320.

*Farley* and *Robinson*, for the defendants, to the point, that
the inchoate right of dower was an incumbrance within the

meaning of the agreement, cited *Prescott* v. *Trueman*, 4 Mass. R. 627 ; 4 Dane's Abr. 347 ; *Porter* v. *Noyes*, 2 Greenleaf, 22 ; *Jones* v. *Gardner*, 10 Johns. R. 266 ; *Estabrook* v. *Hapgood*, 10 Mass. R. 313 ; and that the several claims of the defendants might be set off, *M'Donald* v. *Webster*, 2 Mass. R. 498 ; *Knapp* v. *Lee*, 3 Pick. 452 ; *Hathaway* v. *Russell*, 16 Mass. R. 473.

Fuller
*v.*
Wright.

SHAW C. J. delivered the opinion of the Court. The question is, whether the inchoate right of dower was a claim or incumbrance, within the meaning of the defendants' agreement, which the intestate was bound to extinguish, before he could claim the purchase money for the land. The Court are of opinion, that it was not. Whether under all circumstances an inchoate right of dower, where husband and wife are both living, shall be deemed an incumbrance, is a question which must depend upon the contract and the circumstances. It is true that it is no estate or interest, but only a possibility. But it is a possibility which may give the wife an estate, by the happening of a contingent event, the death of her husband, without any new act to be done, or new right to be acquired. Upon an executory contract, by which one, for a certain sum, should engage to transfer land, or procure for another a transfer of land, by a good and indefeasible title, free of all claims and incumbrances, it would be reasonable to consider it as the intent of the parties, that for the sum named, the covenantee should have a complete title, free of actually existing claims of dower. But we think no general rule can be laid down, to determine absolutely whether such inchoate right of dower is an incumbrance ; it must depend on many and various circumstances and considerations.

*Oct.* 19*th.*

The question in this case is, whether it was intended that the payment of the purchase money should be suspended until the intestate should procure a release and extinguishment of his wife's right of dower. The deed by which Messiter conveyed to the defendants had been already made, and the dower was not released. If it was intended or expected that she should release it, the probability is, that it would have been done hen.

Further, the consideration which they agreed to pay for the

grantor's interest in the land, was $ 1200, as recited in the deed, and that without the release of the right of dower. The stipulation in the contract was to pay $ 1200, in extinguishing incumbrances, and the balance to the grantor. It seems, therefore, they must have had in view incumbrances and liens which could be paid and extinguished by money, to be computed towards payment of the consideration. It therefore could not include an inchoate right of dower. The effect of the construction contended for by the defendants would be, to suspend the payment of the consideration to the grantor during the joint lives of himself and his wife, which could not have been the intention of the parties. On the whole, we think it was the intention of the defendants to give $ 1200 for such a title as the intestate could make therein, without his wife's joining to release her dower ; and the claims and incumbrances intended were the mortgages and attachments. The circum stance that the husband so soon died, leaving his wife surviv ing, by which the amount of the right of dower was greatly enhanced, can make no difference ; the present question depends entirely on what the parties understood and intended at the time.

On the other point, the Court are of opinion, that it is not competent for the defendants to set off their several individual claims upon the estate against the claim of the administrator against them jointly, but that the administrator has a right tc receive the balance, for the benefit of the creditors generally.